Date signed May 20, 2011



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| IN RE: : | |
| : | |
| WILLIAM A. GOTTLEID, JR. : | Case No. 11-18312PM |
| : | Chapter 13 |
| Debtor : | |
| ------------------------------- : | |
| PAUL MONGER : | |
| Movant : | |
| vs. : | |
| : | |
| WILLIAM A. GOTTLEID, JR. : | |
| MICHAEL G. WOLFF, TRUSTEE : | |
| Respondents : | |
| ------------------------------- : | |

### MEMORANDUM OF DECISION

This bankruptcy case originally filed under Chapter 7 and converted to a case under Chapter 13 by Order entered May 18, 2011, came before the court on May 16, 2011, for a hearing on two matters – a motion for relief from the automatic stay of 11 U.S.C. § 362(a) filed by Paul Monger, a purchaser of the subject property at a ratified foreclosure sale, and Debtor's Motion to Extend the Stay. The jurisdiction of the court as to the Motion for Relief from Stay under 11 U.S.C. § 362(d) is problematic. The Motion appears to have been filed as a precautionary matter to avoid a charge of violation of the stay for an action taken to evict the person of the Debtor from the property.

However, the court denied the Motion to Extend the Automatic Stay for want of jurisdiction because, as the United States Court of Appeals for the Fourth Circuit recently held in the unpublished opinion of *Scott v. Bierman*, 2011 WL 1807330 (CA4 May 12, 2011),[1] under Maryland law, upon the ratification of the foreclosure sale, Debtor held neither equitable nor legal title to the subject property as of the petition date. Thus, the bankruptcy estate was completely divested of any interest in the subject property.

That being the case, there is nothing that this court can do in the circumstances. The filing of a motion under Maryland Rule 2-535(b) seeking the exercise of the revisory power of the state court does not serve to revive a legal or equitable interest in the property for the Debtor. In any event, the *Rooker-Feldman* doctrine prevents this court from reviewing the action of the state court. *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (CA4 2006). However, if the circumstances surrounding the sale of the subject property are as stated in the Memorandum filed May 17, 2011 by Debtor [D.E. No. 37] in opposition to the Motion for Relief from Stay, relief might be obtainable in state court, but not in the bankruptcy court.

cc:
Michael G. Wolff, Esq., Trustee, 15245 Shady Grove Road, #465, Rockville, MD 20850
Nancy Spencer Grigsby, 4201 Mitchellville Rd., Ste. 401, Bowie, MD 20716
Elizabeth Anne Reeves, Esq.,1351 Schooner Loop, Solomon's, MD 20688
William A. Gotteid, Jr., PO Box 158 Dowell, MD 20619
Byron L. Huffman, Esq., P.O. Box 369, Columbia, MD 21045

**End of Memorandum**

---

[1] The court is mindful of Local Rule 32.1 of the Court of Appeals that disfavors citation of unpublished decisions, however, the opinion is useful in this case in light of its citations to applicable Maryland law.